IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT MARTIN WINTEMUTE,           )
                                    )
    Plaintiff,                 )
                                    )
  -vs-                              )     Civil Action No.   13-214E
                                    )
CAROLYN W. COLVIN,                  )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
    Defendant.                 )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court is Plaintiff's Motion for Judgment on the Pleadings[1] and Defendant's Motion for Summary Judgment. (ECF Nos. 7 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9, 11 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 7) and denying Defendant's Motion for Summary Judgment. (ECF No. 10).

## I.  BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed applications for benefits alleging he had been disabled since September 9, 2007. (ECF Nos. 6-5, pp. 4, 6). Administrative Law Judge ("ALJ"), James J. Pileggi, held a hearing on October 17, 2011. (ECF

---

[1] I believe Plaintiff mislabeled his Motion for Judgment on the Pleadings. Plaintiff's Motion and Brief rely on evidence in the administrative record. As such, Plaintiff's Motion is more aptly titled as a Motion for Summary Judgment. Therefore, I am construing Plaintiff's Motion for Judgment on the Pleadings as a Motion for Summary Judgment.

1

No. 6-2, pp. 29-50). On November 7, 2011, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 15-24). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 10). The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Whether the ALJ erred in dismissing the treating source opinion of Dr. Rezek based on misrepresentation of what Dr. Rezek said about Plaintiff's need for a cane.

Plaintiff's first argument is that the ALJ erred in dismissing Dr. Rezek's, Plaintiff's treating physician's, opinions. (ECF No. 9, pp. 14-17). The amount of weight accorded to a physician's opinions is well established.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)

> (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

In this case, the ALJ gave little weight to Dr. Rezek's opinion because, *inter alia,* it is internally inconsistent. (ECF No. 6-2, p. 22). Specifically, the ALJ stated as follows:

> In September 2009, Dr. Rezek completed a form indicating that the claimant is able to sit, stand, and walk for less than 2 hours and that he is required to use a cane when ambulating (Exhibit C11F/24-28). I give this opinion little weight because it is not supported by Dr. Rezek's own treatment notes which states that the claimant does not use a cane and that his condition is stable and has actually improved with medication.

(ECF No. 6-2, p. 22). Plaintiff argues that there is no substantial evidence of record to support the ALJ's reasons for rejecting Dr. Rezek's opinion. (ECF No. 9, pp. 14-17). After a review of the record, I find there is substantial evidence of record to support this finding of the ALJ. For example, Dr. Rezek stated on February 4, 2010, that Plaintiff's "gait is stable but stiff. He does not require any assistance or assistive devices at the present time." (ECF No. 6-8, p. 6). Thus, contrary to Plaintiff's assertion that there is no reference by Dr. Rezek that Plaintiff does not need a cane, I find there is evidence of record to support the ALJ's opinion in this regard. *Id.* Additionally, Plaintiff testified that the does not use a cane to get around. (ECF No. 6-2, p. 36). Therefore, I find no error on this point.

Plaintiff also argues that the ALJ misconstrued Dr. Rezek's opinion. (ECF No. 8, pp. 15-16). Plaintiff suggests that Dr. Rezek did not opine that Plaintiff needed a cane to ambulate, but was actually just indicating that when Plaintiff was engaged in occasional standing and walking in a competitive work environment that Plaintiff would need a cane. Thus, Plaintiff submits

4

that "Dr. Rezek was actually indicating that [Plaintiff] needed a cane when he was engaged in prolonged standing or walking in a competitive work environment." (ECF No. 12, p. 2; No. 9, p. 16). I disagree with Plaintiff that Dr. Rezek opined that when Plaintiff was engaged in "prolonged standing or walking" he needed a cane. Rather, Dr. Rezek filled out a form finding that Plaintiff needed a cane when he was engaged in occasional standing/walking. (ECF No. 6-8, p. 27). The form defined occasional to mean as little as 6% of an 8 hour work day and as much as 33% of an 8-hour work day. (ECF No. 6-8, p. 26). Thus, I find that Dr. Rezek opined that Plaintiff would need to use a cane during as little as 6% of an 8 hour work day and as much as 33% of an 8-hour work day. *Id.* at pp. 26-27. As set forth above, there is substantial evidence of record that Plaintiff does not require the use of a cane. Therefore, there is substantial evidence to support a finding of internal inconsistency of Dr. Rezek's opinions in the record. This alone is sufficient to give Dr. Rezek's opinion little weight. Consequently, I find no error in this regard.

Next, Plaintiff suggests that the ALJ erred in giving little weight to Dr. Rezek's opinion based on the statement that his condition was "stable" and that Plaintiff's medications were "beneficial." (ECF No. 9, pp. 16-17; No. 12, pp. 3-4). Plaintiff, however, incorrectly cites the ALJ's opinion. The ALJ never held that Plaintiff's medication was "beneficial." The ALJ actually stated that Plaintiff's "condition is stable and has actually improved with medication." (ECF No. 6-2, p. 22). I find there is substantial evidence to support this finding. *See,* ECF No. 6-8, pp. 2-3. For example, Dr. Rezek states that Plaintiff finds his medication to help reduce spasms and that Plaintiff's condition is "relatively stable." *Id.* Having already established in an earlier record from Dr. Rezek that Plaintiff does not require any assistance or assistive devices (ECF No. 6-8, p. 6), the ALJ uses this additional information to show an internal inconsistency with Dr. Rezek's opinion that Plaintiff occasionally needs a cane during an 8 hour work day. Therefore, after a review of the record, I find no error in this regard.

5

### C. Whether the ALJ erred in failing to resolve the conflict between Dr. Mangold and Dr. Landefeld

In this case, the ALJ gave great weight to the opinions of both Dr. Landefeld and Dr. Mangold. (ECF No. 6-2, pp. 21-22). Plaintiff submits, however, that there were conflicts between the opinions of Dr. Landefeld and Dr. Mangold and the ALJ failed to explain why he accepted one opinion over the other. (ECF No. 9, pp. 18-20; No. 12, pp. 4-6). Consequently, Plaintiff argues remand is required on this issue. After a review of the record, I agree.

An ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination. *Id.* If evidence is not pertinent, relevant nor probative, however, an ALJ need not discuss it. *Johnson v. Comm'er of SS,* 529 F.3d 198, 204 (3d Cir. 2008). Additionally, an ALJ may reject relevant evidence without explanation when there is overwhelming contrary evidence in the record, thereby rendering the unexplained evidence irrelevant. *Id.*

In this case, the ALJ assigns great weight to both Dr. Mangold's and Dr. Landefeld's opinions. There are conflicts between these opinions. *Compare,* ECF No. 6-7, pp. 43-49, *with* pp. 5976. The ALJ resolves the conflicts, which he is entitled and in fact must do. However, the ALJ fails to discuss or explain why he credited one opinion over the other. Obviously, both opinions are pertinent medical evidence of record. The failure to provide an explanation

prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted for further clarification.

Based on the same, Plaintiff also argues that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairments. (ECF No. 9, p. 20). An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). Since I have found that remand is warranted as set forth above, remand is similarly warranted on this basis as well.

        D.      **<u>Whether the ALJ erred in assessing Plaintiff's credibility</u>**

As to this issue, Plaintiff argues that the ALJ erred in rejecting Plaintiff's subjective complaints of pain because they are not supported by substantial evidence. (ECF No. 9, pp. 21-22). In determining if a Plaintiff is disabled, the ALJ must consider all symptoms, including pain, "and the extent to which [these] symptoms can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). Pain alone, however, does not establish a disability. *Id.*

As the ALJ in this case stated, he must follow a two-step process: First, he must determine whether there is a medical impairment that could reasonably be expected to produce the plaintiff's pain or other symptoms; and, second, the ALJ must evaluate the intensity, persistence, and limiting effects of the plaintiff's symptoms to determine the extent to which they limit the plaintiff's functioning. (ECF No. 6-2, pp. 19-20). Allegations of pain must be consistent with objective medical evidence, and the ALJ must explain the reason for rejecting non-medical testimony. *Burnett v. Comm'r of Social Sec. Admin.,* 220 F.3d 112, 121 (3d Cir. 2000). I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v.*

7

*Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In determining the limits on the claimant's capacity for work, the ALJ will consider evidence from the treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §404.1529(c); SSR 96-7p4. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §404.1529(c)(4).

After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 6-2, pp. 19-22). For example, while assessing Plaintiff's credibility and his subjective complaints, the ALJ compared the medical evidence to his complaints of pain and found them to be contradictory. *Id.* The ALJ also discussed the fact that Plaintiff's complaints of pain were contradicted by Plaintiff's daily activities. (ECF No. 6-2, p. 21). Additionally, the ALJ found that Plaintiff had reported his medications were helpful in reducing his anxiety and spasms and that he has not complained of side effects. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §§ 404.1529 and 416.929 and SSR 96-7p and based on the entire record as a whole there is substantial evidence to support the ALJ's conclusion. Consequently, I find the ALJ's opinion was supported by substantial evidence. Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MARTIN WINTEMUTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 13-214E |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 7th day of April, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 10) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge