IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT MARTIN WINTEMUTE, )
)
        Plaintiff, )
)
-vs- )   Civil Action No.   13-214E
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

# OPINION
and
# ORDER OF COURT

## I. BACKGROUND

This case was brought pursuant to the Social Security Act ("Act"). The case was decided in favor of Plaintiff on cross motions for summary judgment on April 7, 2014. (ECF No. 13). On July 7, 2014, Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. (ECF No. 15). Plaintiff seeks an award of $6,359.07. (ECF No. 15). In response, Defendant does not argue that Plaintiff is not entitled to fees. (ECF No. 17). Rather, Defendant only contests the reasonableness of the hours expended and the hourly rate and submits that Plaintiff should be awarded no more than $3,543.80. *Id.* The issue is now ripe for review.

## II. LEGAL ANALYSIS

The EAJA is applicable to final decisions under the Act and provides, in pertinent part, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition

1

to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)A).

Pursuant to the EAJA, the fees and expenses of attorneys must be reasonable. 28 U.S.C. §2412(b).

> Generally speaking, 'a party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable.' " *Newell v. Comm'r of Social Security,* 121 Fed. Appx. 937, 939 (3d Cir. Jan. 25, 2005) (quoting *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990)). The EAJA requires "an itemized statement from any attorney ... representing ... the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). A party opposing a fee award must support its challenge with an "affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode,* 892 F.2d at 1183. A fee award may not be "decreas[ed] ... based on factors not raised at all by the adverse party." *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 720 (3d Cir. 1989). However, "[o]nce the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." *Rode,* 892 F.2d at 1183.

*Evans v. Astrue*, No. 12-850-LPS, 2013 WL 6869852, *1 (D. Del. Dec. 30, 2013).

### A.   **Hours Reasonably Expended**

Plaintiff asserts that a total of 33.3 hours were expended by counsel in this matter. (ECF No. 16, p. 5). Defendant argues that not all of said hours expended were reasonable. (ECF No. 17). As to those issues raised by the party opposing the fee request, a "court must be careful to exclude from counsel's fee request 'hours that are excessive, redundant or otherwise unnecessary....'" *Holmes v. Millcreek Township School Dist.,* 205 F.3d 583, 595 (3d Cir. 2000), *quoting, Hensley,* 461 U.S. 424, 434 (1983). Defendant makes specific objections as to the reasonableness of the hours billed by Plaintiff's counsel. (ECF No. 17). I will deal with each objection separately.

2

### 1. Pre-Complaint tasks and filing the Complaint

Plaintiff's counsel seeks a total of 4.9 hours for pre-complaint tasks and to file the complaint. (ECF No. 16-1, p. 1, July and August 2013 entries). In response, Defendant argues that Plaintiff is not entitled to fees for work performed prior to the commencement of his civil action on July 19, 2013. (ECF No. 17, pp. 2-3). Additionally, Defendant asserts that the Complaint in this case is boilerplate. *Id.* at p. 3. Thus, Plaintiff seeks a reduction of 3.9 hours for these tasks. (ECF No. 17, pp. 2-3).

After a review of the record, I agree with Defendant that Plaintiff is only entitled to compensation for work incurred in the civil action. 28 U.S.C. §2412(d). I find, however, that time spend in deciding to appeal is part of the civil action. Nevertheless, in this case, 3.0 hours to review the administrative decisions is excessive and I will disallow 2 hours.

I further find that the 1 ½ page Complaint is boilerplate. *See,* (ECF No. 2). The information specific to Plaintiff can be entered by a secretary or paralegal and should not be billed at an attorney rate. Moreover, the filing of the Complaint and accompanying papers is also a secretarial function. Requesting attorney fees for secretarial or paralegal functions will not be permitted. As a result, I will disallow 1 hour from the filing of the brief and associated documents with the court.

### 2. Legal Research and drafting of brief

Plaintiff seeks 20.5 hours to conduct legal research and draft his brief. (ECF No. 16-1, pp. 1-2, October 30 through November 14, 2014). In opposition, Defendant argues that Plaintiff's summary judgment motion involved three standard disability legal issues, consisted of only 11 pages, contained legal contentions, and contained boilerplate type arguments. (ECF No. 17, p. 3). As such, Defendant argues that the time associated with the same should be reduced to 15 hours. *Id.* at 2.

After a review of the case, I agree with Defendant that the issues involved were standard

legal issues that commonly arise in social security cases. As such, I find 20.5 hours to conduct legal research on such issues to be excessive. Drafting of the brief which contained only 11 pages of legal contentions, with boilerplate language, should not have taken more than 10 hours to prepare. Moreover, the filing of the brief is a secretarial function. Requesting attorney fees for secretarial functions will not be permitted. As a result, I will disallow 10.5 hours.

### 3. Reviewing Defendant's brief, conducting additional research and drafting reply brief

Next, Plaintiff seeks 9 hours for tasks related to reviewing Defendant's brief, conduction additional research and drafting a reply brief. (ECF No. 16-1, p. 2). In Opposition, Defendant argues that conducting additional research is excessive since Plaintiff already conducted the research in drafting the initial brief. (ECF No. 17, p. 3). Additionally, Defendant submits that there were no new arguments in the reply brief but, rather, the reply brief was a rehashing of the same arguments. *Id.* Thus, Defendant reasons that a reduction of 7 hours is appropriate.

After a review of the record, I agree with Defendant that there were no new arguments in the reply brief but just a rehashing of the same arguments. Thus, I find 9 hours associated with the drafting of the reply brief to be excessive. Moreover, the filing of the reply brief is a secretarial function. Requesting attorney fees for secretarial functions will not be permitted. As a result, I will disallow 6 hours.

### 4. Review of Remand Order and Preparation of EAJA Petition

Finally, Plaintiff seeks 1.1 hours for the review of the Opinion and Order remanding the case and 1.5 hours to prepare the EAJA petition and file it with the court. (ECF No. 16-1, p. 2). In opposition, Defendant argues that 1.1 hours to review the opinion and order is excessive. Defendant further argues that Petition is boilerplate and "the enumeration of hours is a function that can be performed by a secretary." (ECF No. 17, p. 4). After a review of the record, I agree with Defendant that 1.1 hours to review the 9 page opinion and order is excessive and will

disallow .6 hours. Additionally, I find the Petition to be boilerplate in nature and does not warrant the time attributed to them. Furthermore, the enumeration of the hours and the filing of the Petition is also a function that can be performed by a secretary. Requesting attorney fees for secretarial or paralegal functions will not be permitted. As a result, I will disallow ½ hour.

### B. <u>Hourly Rate</u>

Defendant also objects to the hourly rate. (ECF No. 15, p. 4, n. 2). Plaintiff seeks an hourly rate of $190.99 based on the May 2014 Consumer Price Index for All Urban Consumers, for all work performed from July 2013 through June 2014. (ECF No. 16, pp. 4-5). Defendant argues that that an average hourly rate of $188.50 should be applied as it is based on the average Consumer Price Index for All Urban Consumers ("CPI-U") during the months that the itemized work was performed in this case. (ECF No. 17, p. 4, n. 2). "District courts have been determining the cost-of-living adjustment by multiplying the basic EAJA rate by the current consumer price index for urban consumers (CPI-U), and then dividing the product by the CPI-U in the month that the cap was imposed (October 1981 for pre-amendment cases, March 1996 for post-amendment cases)." *U.S. v. $46,000 in U.S. Currency,* No. 02-6805, 2005 WL 555370, *1, n. 2 (E.D. Pa. March 7, 2005), *quoting, Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). The current CPI-U means when the fee is earned. *Sorenson*, 239 F.3d at 1148–49. I find this method reasonable.

Therefore, in our case, I will use the CPI-U for the month when the fee was earned. The calculation, then, is the product of the $125 EAJA rate multiplied by the current CPI-U, divided by the March 1996 CPI-U (155.7). For example, the CPI-U for July 2013 is 233.596.[1] Thus, ($125 x $233.596)/155.7 = $187.54. This is the hourly rate for July 2013. In July of 2013, Plaintiff earned 1.9 hours. So, 1.9 hours earned x $187.54 = $356.33 for hours earned in July 2013.

---

[1] The CPI-U for each month are located at the following address and substitute the appropriate date: http://www.bls.gov/cpi/home.htm#tables.

This calculation continues for each month in which Plaintiff earned hours and then all of the total figures are added to obtain the reasonable fee for Plaintiff. Specifically, in this case it breaks down as follows:

| | | | |
|---|---|---|---|
| July 2013 | (1.9 x $187.54) = | $ | 356.33 |
| August 2013 | ( 0 x $187.76) = | $ | 0.00 |
| September 2013 | (.2 x $187.98) = | $ | 37.60 |
| October 2013 | (2.5 x $187.50) = | $ | 486.75 |
| November 2013 | (8 x $187.11) = | $ | 1,496.88 |
| December 2013 | (3.0 x $187.10) = | $ | 561.30 |
| April 2014 | (.5 x $190.33) = | $ | 95.17 |
| May 2014 | (.1 x $190.99) = | $ | 19.10 |
| June 2014 | (1.0 x $190.99) = | $ | 190.99 |
| Total award | | $ | 3,244.12 |

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MARTIN WINTEMUTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 13-214E |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 4th day of August, 2014, it is ordered that Plaintiff's Motion for Attorney Fees (ECF No. 15) is granted in part and denied in part as follows: Plaintiff, Robert Martin Wintemute, is awarded attorney fees under the EAJA in the amount of $ 3,711.90 as more fully set forth above. These fees are to be paid directly to Plaintiff, Robert Martin Wintemute, and sent to the business address of Plaintiff's counsel. Full or partial remittance of the awarded attorney fees will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exists, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge